NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARBARA JO THURMAN-CARR, | No.   23-55086 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-08359-MCS-PVC |
| v. | |
| BRIAN JOSEPH COTA, | MEMORANDUM* |
| Defendants-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted January 11, 2024**
Pasadena, California

Before:  BOGGS,*** RAWLINSON, and H.A. THOMAS, Circuit Judges.

Facing municipal arboricide charges, James Carr sued several city and

county officials in Santa Barbara, California, for engaging in prosecutorial

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

misconduct. *See Thurman-Carr v. Murillo*, No. 23-55010 (9th Cir. 2024). A month later, Deputy District Attorney Brian Joseph Cota filed a motion in Carr's state-court criminal case to revoke Carr's release on his own recognizance. Carr then filed the instant action, alleging that this state-court motion constituted unconstitutional retaliation against Carr for filing his federal civil-rights complaint. The district court granted the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) and denied leave to amend the complaint.[1] Carr appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We review de novo the district court's grant of the motion to dismiss. *Saloojas, Inc. v. Aetna Health of Cal., Inc.*, 80 F.4th 1011, 1024 (9th Cir. 2023). We review for abuse of discretion the district court's decision to deny leave to amend. *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 80 F.4th 943, 949 (9th Cir. 2023).

1.      If a party fails to object to an issue before judgment, he forfeits the right to challenge the issue on appeal. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir. 2002). Because Carr did not oppose the motion to dismiss in the district court, he has forfeited his opportunity to do so on appeal.

---

[1] Barbara Thurman-Carr was substituted for Appellant James Carr. *See* Ninth Circuit Docket #19.

2. A plaintiff has the right to amend his complaint as a matter of course only before a final judgment has been entered. Fed. R. Civ. P. 15(a)(1)(B); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). Thereafter, a plaintiff can amend his complaint only by leave of the court. *Jarvis*, 833 F.2d at 155. The district court did not abuse its discretion by denying Carr leave to amend his complaint because it determined that Cota would be entitled to absolute prosecutorial immunity.

Immunity depends on "the nature of the function performed, not the identity of the actor who performed it." *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997). Thus, even if Cota stepped outside his prosecutorial role by submitting his declaration in support of the motion to revoke Carr's release on his own recognizance, Cota retains absolute immunity for conduct that remains prosecutorial. And the conduct that forms the basis of Carr's complaint—Cota's legal arguments to the state court about why Carr should not be released on his own recognizance—is paradigmatically prosecutorial.

**AFFIRMED.**